UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMICUK LOYUK, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:21-cv-269 | |
| § | | |
| SER JOBS FOR PROGRESS OF THE § | | |
| TEXAS GULF COAST, INC. § | | |
| *Defendant*. § | JURY DEMANDED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, IMICUK LOYUK ("Plaintiff"), files this Original Petition complaining of Defendant, SER JOBS FOR PROGRESS OF THE TEXAS GULF COAST, INC. (hereinafter "Defendant" or "SER"), and for such cause of action would respectfully show the Court as follows:

### I.   INTRODUCTION

1. This action is filed under Title VII of the Civil Rights Act of 1964 (Title VII – 42 U.S.C. 2000e), 42 U.S.C. § 1981 ("Section 1981"), and the Texas Commission on Human Rights Act (TCHRA – Tex. Lab. Code Ann §§21.001-.262) for unlawful employment practices by Ms. Loyuk's former employer SER for race discrimination, hostile work environment, and retaliation culminating in the unlawful termination of her employment.

2. Plaintiff seeks equitable relief, back and future pay, lost benefits, reinstatement, liquidated, compensatory and punitive damages, and any and all other damages allowed for violations of Title VII, Section 1981, and the TCHRA.

3. Plaintiff demands a jury on all issues triable to a jury.

### II.   PARTIES & SERVICE

4. Plaintiff Imicuk Loyuk is an individual residing in the State of Texas. Plaintiff is a former employee of Defendant.

5. Defendant SER is a Texas corporation doing business in Texas and may be served with process by serving its registered agent, Sheroo Mukhtiar, 1710 Telephone Road, Houston, TX 77023.

6. At all material times, Defendant has been an employer within the meaning of Title VII, Section 1981, and TCHRA.

### III.   JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 and 1343.

8. Defendant employs the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these causes of action occurred in the Southern District of Texas.

### IV.   BACKGROUND FACTS

10. Plaintiff, a black woman, began her employment with SER Jobs in September of 2013 as a Career Coach. She worked her way to Workforce Development Lead, followed by Program Coordinator and ultimately landed a promotion as Client Engagement & Special Projects Manager in late 2017. However, her promotion was not met with welcomed arms; she quickly learned that from the time of the offer to become manager, she faced race-based pay disparity.

11. In December of 2017, shortly after receiving the offer to become a manager, Plaintiff had a conversation with Vanessa Ramirez, Chief Programs Officer, regarding her salary in which Plaintiff disclosed that she wanted to make sure she was being paid comparably to other similarly situated managers. She had previously had conversations with managers and was

concerned that the offer she received was significantly lower than that of her non-black management peers.

12.  Plaintiff confirmed that other non-black managers were offered manager positions at significantly higher rates than what she was offered and in fact, a newer manager who was hired *after* her promotion to the position received a higher starting rate. While SER had started Plaintiff at $52,000 when she became a manager, other non-black managers received starting offers of $60,000 or more.

13.  In late 2018, Plaintiff was called into the CEO, Sheroo Mukhtiar's office for a meeting. During that meeting, Muhktiar asked Plaintiff why she seemed perpetually angry. Plaintiff was shocked; she had been nothing but professional in her work and interactions with management, subordinates, and everyone at work. Plaintiff excelled in her role and duties as the Manager of Special Projects, worked long hours, was highly respected by her team, and never had conflicts with anyone. Yet, Muhktiar insisted on presenting Plaintiff as angry despite having no evidence to support her contention. When Plaintiff pressed Muhktiar and asked for examples of the alleged anger, Ms. Muhktiar could not provide any.

14.  The microaggressions against Plaintiff continued in 2019. During numerous manager meetings, Plaintiff was constantly treated with hostility when she voiced concerns about any proposed projects or ideas. Plaintiff wasn't the only one to notice the hostile treatment against her. Other managers often noticed and mentioned to Plaintiff that they noticed she was treated differently.

15.  Plaintiff also found out that the CEO, Mukhtiar, was spreading negative information about her to fellow colleagues. A former manager, Mansi Mehta, told Plaintiff that the CEO told her during her onboarding process that Plaintiff was not to be trusted, and that Mehta

should be careful around Plaintiff.

16. While other non-black managers are treated with respect, offered a space in which to present their ideas and fully supported in all of their needs, Plaintiff, a black manager, is constantly battling red tape from leadership, dismissed as having invalid concerns, treated with hostility, ignored when she makes important requests, and burdened with projects outside the scope of her duties and responsibilities.

17. Defendant sought to stereotype Plaintiff as an "angry black woman" who was allegedly "difficult," "unapproachable," and "angry", and as a result, Plaintiff was subjected to a racially hostile work environment. The angry black woman trope is rooted in slave history when black female slaves where characterized as aggressive, dominant, and masculine. The stereotype was replicated in films and literature throughout the early part of the twentieth century, and ultimately cultivated a stereotype that black women are too loud, too opinionated, too negative, too rude, and too aggressive. In the post 1960's era, the angry black woman trope has resulted in black women facing discrimination in the workplace; this is most prevalent when it comes to black women in positions of power and authority, such as management positions.

18. On November 7, 2019, Plaintiff met with Yazmin Guerra, Joanie Wentz, Olga Rodriguez, and Sheroo Mukhtiar. Plaintiff indicated she felt that she was being treated differently. Rodriguez responded by saying it was because Plaintiff allegedly had a "difficult personality." Joanie Wentz shared that she had witnessed the differential and hostile treatment toward Plaintiff as compared to her counterparts. Following the meeting on November 12, 2019, Plaintiff submitted a written complaint to HR stating that she felt that race was behind the differential treatment and hostile work environment.

19. After retaining counsel to protect her interests and requesting her personnel file,

Plaintiff's counsel was advised to tell Plaintiff "to get back to work" and retaliatorily sent home pending an alleged "investigation into her claims." Plaintiff proceeded to file a Charge of Discrimination with the Equal Employment Opportunity Commission.

20. Defendant continued engaging in illegal activity when it notified employees that Plaintiff was sent home on administrative leave sending a chilling effect throughout the office and Plaintiff's team. SER later told the same employees that Plaintiff was sent home for alleged violations of "attorney client privilege."

21. Defendant also sought to take away Plaintiff's vacation time by stating that it was "applied" to her forced administrative leave.

22. The retaliation and hostile work environment continued for several months and on or about June 29, 2020, Plaintiff was retaliatorily and pretextually terminated for having complained about race discrimination and filing a charge of discrimination with the EEOC.

V.     CAUSES OF ACTION

**COUNT 1 – DISCRIMINATION IN VIOLATION OF §1981**

23. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

24. The Civil Rights Act of 1866 prohibits discrimination against an individual because of that persons' race. See 42 U.S.C. § 1981.

25. Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action for racial discrimination.

26. Defendant SER intentionally discriminated against Plaintiff by paying her less than similarly situated non-black managers, treating her differently than her non-black colleagues, stereotyping her as an "angry black woman," and denying Plaintiff equal terms and conditions of

employment.

**COUNT 2 – RETALIATION IN VIOLATION OF §1981**

27. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

28. The Civil Rights Act of 1866 prohibits retaliation against an individual who engages in protected activity. See 42 U.S.C. § 1981.

29. Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action for retaliation.

30. Defendant SER retaliated against Plaintiff when it sent her home for two months after having engaged in protected activity, when it sought to remove her vacation for having been on a forced administrative leave, and when it wrongfully terminated her for complaining about race discrimination and filing a charge of discrimination with the EEOC.

**COUNT 3 – DISCRIMINATION IN VIOLATION OF TITLE VII**

31. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

32. The Civil Rights Act of 1964 prohibits employers from discriminating against employees because of that individual's race. See 42 U.S.C. § 2000e *et seq*.

33. Pursuant to 42 U.S.C. § 2000e *et seq*., Plaintiff pleads a cause of action for racial discrimination against SER.

34. Defendant SER intentionally discriminated against Plaintiff by paying her less than similarly situated non-black managers, treating her differently than her non-black colleagues, stereotyping her as an "angry black woman," and denying Plaintiff equal terms and conditions of employment.

**COUNT 4 – RETALIATION IN VIOLATION OF TITLE VII**

35. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

36. The Civil Rights Act of 1964 prohibits retaliation against an individual who engages in protected activity. See 42 U.S.C. § 2000e *et seq*.

37. Pursuant to 42 U.S.C. § 2000e *et seq*., Plaintiff pleads a cause of action for retaliation.

38. Defendant SER retaliated against Plaintiff when it sent her home for two months after having engaged in protected activity, when it sought to remove her vacation for having been on a forced administrative leave, and when it wrongfully terminated her for complaining about race discrimination and filing a charge of discrimination with the EEOC.

**COUNT 5 – VIOLATIONS OF TITLE VII – HOSTILE WORK ENVIRONMENT**

39. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

40. The Civil Rights Act of 1964 prohibits employers from harassing employees because of that individual's race. See 42 U.S.C. §2000e *et seq*.

41. Pursuant to 42 U.S.C. §2000e *et seq*., Plaintiff pleads a cause of action for race based hostile work environment.

42. Defendant SER engaged in harassment against Plaintiff, a black woman, by creating a racially hostile work environment. Similarly situated non-black employees did not experience the continued harassment and discrimination that Plaintiff experienced.

43. The effect of these practices was to terminate Plaintiff from SER.

**COUNT 6 - DISCRIMINATION IN VIOLATION OF TCHRA**

44. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

45. The Texas Commission on Human Rights Act prohibits employers from harassing employees because of that individual's race. See Tex. Lab. Code Ann. §§21.001 - .262.

46. Pursuant to Tex. Lab. Code Ann. §§21.001 - .262, Plaintiff pleads a cause of action for race discrimination.

47. Defendant SER intentionally discriminated against Plaintiff by paying her less than similarly situated non-black managers, treating her differently than her non-black colleagues, stereotyping her as an "angry black woman," and denying Plaintiff equal terms and conditions of employment.

**COUNT 7 – RETALIATION IN VIOLATION OF TCHRA**

48. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

49. The Texas Commission on Human Rights Act prohibits retaliation for engaging in protected activity. See Tex. Lab. Code Ann. §§21.001 - .262.

50. Pursuant to Tex. Lab. Code Ann. §§21.001 - .262, Plaintiff pleads a cause of action for retaliation.

51. Defendant SER retaliated against Plaintiff when it sent her home for two months after having engaged in protected activity, when it sought to remove her vacation for having been on a forced administrative leave, and when it wrongfully terminated her for complaining about race discrimination and filing a charge of discrimination with the EEOC.

## VI.     CONDITIONS PRECEDENT

52.     All conditions precedent to Plaintiff's request for relief have been performed, have occurred, or have been excused.

## VII.     DEMAND FOR JURY TRIAL

53.     Plaintiff requests trial by jury on all claims.

## VIII.     DAMAGES

54.     Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court. These include her past and future loss of higher wages, raises, and/or bonuses. Plaintiff also seeks an award of damages for her mental anguish and the loss she has suffered and continues to suffer.

55.     Further, because the Defendant's acts and omissions were committed with malice and/or with reckless disregard of the consequences, they justify imposition of exemplary damages in addition to the compensatory damages to which Plaintiff is entitled. A reasonable amount for exemplary damages in this case should take into consideration the need to deter future conduct of this type.

56.     Plaintiff also seeks compensation for the out of pocket expenses, attorneys' fees, and costs of Court she will have incurred in this action.

57.     Plaintiff believes that a jury should put a dollar value on these damages after it hears the evidence.

## IX.     PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a. enter a judgment that Defendant's acts and practices, as set forth herein, are in violation of the laws of the United States and the State of Texas;

b. enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm to the Plaintiff;

c. award Plaintiff her lost wages, including back pay, front pay, lost fringe benefits, and including without limitation, any lost benefits that Plaintiff would have otherwise received but for the discrimination;

d. award Plaintiff compensatory and punitive damages;

e. award Plaintiff the cost of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

f. grant Plaintiff such other and further relief that this Court finds necessary and proper.

Respectfully submitted,
**MONTY & RAMIREZ LLP**

*/s/ Laura Hernandez*
LAURA HERNANDEZ
Monty & Ramirez LLP
Texas SBN: 24100107
Federal Bar No.: 2935637
150 W. Parker Road, 3rd Floor
Houston, TX 77076
Ph.:281-493-5529
Fax: 281-493-5983
lhernandez@montyramirezlaw.com
**ATTORNEY FOR PLAINTIFF**